JARED P. GREEN
Nevada Bar No. 10059
**GREEN UNGUREN, LLC**
3755 Breakthrough Way, Suite 210
Las Vegas, NV 89135
Tel/Fax: (702) 475-6454
jared@bgtriallawyers.com

Su-Lyn Combs, Esq.
Nevada Bar No. 17058
**TUCKER ELLIS LLP**
515 S. Flower Street
42nd Floor
Los Angeles, CA 90071
Tel:  (213) 430-3312
Fax: (213) 430-3409
su-lyn.combs@tuckerellis.com

Attorneys for Defendant
*OTIS ELEVATOR COMPANY*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MONICA MACHADO, an individual; and HECTOR DELGADO an individual, <br><br> Plaintiffs, <br><br> v. <br><br> TK ELEVATOR CORPORATION, a foreign corporation; OTIS ELEVATOR COMPANY, a foreign corporation; DOE INDIVIDUALS 1 through 10; and ROE ENTITIES 11 through 20, inclusive jointly and severally, <br><br> Defendants. | CASE NO. 2:26-CV-00089 <br><br> **DEFENDANT OTIS ELEVATOR COMPANY'S NOTICE OF REMOVAL** |

**TO:   THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA**:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Otis Elevator Company ("Defendant"), through undersigned counsel, hereby files this Notice of Removal to

1
DEFENDANT OTIS ELEVATOR COMPANY'S NOTICE OF REMOVAL

effect removal of this civil action from the Eighth Judicial District Court in and for Clark County, Nevada, where it is filed as Case No. A-25-921520-C, to the United States District Court of Nevada in Las Vegas.

In support of this Notice of Removal, Defendant states as follows:

## BACKGROUND

1. On or about December 15, 2025, Plaintiffs Monica Machado and Hector Delgado ("Plaintiffs"), filed a Second Amended Complaint ("Complaint") in the civil action styled as *MONICA MACHADO, an individual; and HECTOR DELGADO an individual, v. TK ELEVATOR CORPORATION, a foreign corporation; OTIS ELEVATOR COMPANY, a foreign corporation; DOE INDIVIDUALS 1 through 10; and ROE ENTITIES 11 through 20, inclusive jointly and severally,* in the Eighth Judicial District Court in and for Clark County, Nevada, Case No. A-25-921520-C ("State Court Action").  True and correct copies of all processes and pleadings served upon or available to Defendant Otis Elevator Company at the time of this Notice of Removal, namely the Summons and Second Amended Complaint and Order to Appear for Mandatory Scheduling Conference filed in the State Court Action, are attached to the Declaration of Su-Lyn Combs, Esq in support of this Notice of Removal ("Combs Decl.") as **Exhibits A through C**, and incorporated herein by reference.

2. The Complaint sets forth claims for relief as follows: (i) its "First Cause of Action" of "Negligence"; (ii) its "Second Cause of Action" of "Strict Products Liability"; (iii) its "Third Cause of Action" of "Negligent Design, Manufacture, Inspection, Warning"; (iv) its "Fourth Cause of Action" of "Breach Of Warranty"; (v) its "Fifth Cause of Action" of "Negligent Hiring, Retention, Training and Supervision".  *See* Exh. A, Complaint, pp. 6-25.

3. The Complaint alleges that on or around June 30, 2023, at the real property commonly referred to as Excalibur Hotel & Casino, located at 3850 S. Las Vegas Boulevard, Las Vegas, Clark County, Nevada (the "Subject Premises"), "Plaintiffs were on board of an elevator at the Premises (hereinafter the "Elevator"). As Plaintiffs were inside the Elevator, the Elevator malfunctioned, causing the Elevator to descend uncontrolled for multiple floors, thereby inflicting multiple bodily injuries upon Plaintiffs."  Exh. A, Complaint, ¶¶ 19.

4. Plaintiffs contend, "That as a direct and proximate result of Defendants' negligence, MONICA MACHADO has sustained damages in a sum of excess of $44,000.00 to date as treatment is

2

DEFENDANT OTIS ELEVATOR COMPANY'S NOTICE OF REMOVAL

continuing and shall continue into the future." Exh. A, Complaint, ¶ 28. Plaintiffs further contend that, "Plaintiffs received medical and other treatment for injuries sustained to Plaintiffs' bodies, limbs, organs and nervous systems, all or some of which conditions may be permanent and disabling, and all to Plaintiffs' damages in a sum in excess of $15,000.00. That said services, care, and treatment are continuing and shall continue into the future." Exh. A, Complaint, ¶¶ 47, 76, 90, 97 and 121.   Plaintiffs further contend that, "Plaintiffs have been required to limit occupational and recreation activities, which have caused and shall continue to cause loss of earning capacity, lost wages, physical impairment, mental anguish, and loss of enjoyment of life, in a presently unascertainable amount." Exh. A, Complaint, ¶¶ 48, 77, 91, 98 and 122.

5.    Defendant was served with the Summons and Second Amended Complaint in the State Court Action on December 19, 2025.

6.    As specifically shown below, there is complete diversity between Plaintiff and Defendant and Co-Defendant. 28 U.S.C. § 1441; Exh. A, Complaint, ¶¶ 1-4; Combs Decl., ¶ ¶ 7, 9.

7.    As specifically shown below, based on the allegations of the Complaint, Plaintiffs contend an amount in controversy in excess of the sum or value of $75,000.00, exclusive of interest and costs, as required for a removal pursuant to 28 U.S.C. § 1332. *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018); Exh. A, Complaint, pp. 5-21.

8.    The undersigned counsel for Defendant certifies, pursuant to Rule 11 of the Federal Rules of Civil Procedure, that she met and conferred with Co-Defendant's counsel who represented that Co-Defendant has consented to join Defendant in this Notice of Removal.

9.    The Notice of Removal is filed timely. Pursuant to 28 U.S.C. §1446(b), the Notice is filed within thirty (30) days of receipt by Defendant of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.

## DIVERSITY OF CITIZENSHIP

10.    Plaintiffs are residents of Clark County, Nevada.  Exh. A, Complaint, ¶¶ 1-2.  Plaintiffs are therefore citizens of the State of Nevada for purposes of section 1332(c)(1).

11.    A corporation is deemed to be a citizen of the state or states where it is incorporated and maintains "its principal place of business."  28 U.S.C. § 1332(c)(1).

///

DEFENDANT OTIS ELEVATOR COMPANY'S NOTICE OF REMOVAL

12.    Defendant Otis Elevator is incorporated in New Jersey and has its principal place of business in Connecticut.  Combs Decl., ¶ 7.  Defendant is therefore a citizen of New Jersey and Connecticut, and not Nevada, for purposes of determining diversity. 28 U.S.C. § 1332(c)(1).

13.    Co-Defendant is alleged to be a foreign corporation doing business in Clark County, Nevada. Exh. A, Complaint, ¶¶ 3 and 4. Defendant TK Elevator Corporation is a Delaware corporation with its principal place of business in Atlanta, Georgia. Combs Decl., ¶ 9. Co-Defendant is therefore citizens of Delaware and Georgia, and not Nevada, for purposes of determining diversity. 28 U.S.C. § 1332(c)(1).

14.    Defendants sued under fictitious names are disregarded in determining diversity of citizenship. 28 U.S.C. § 1441(b)(1); *Newcombe v. Adolf Coors Co*., 157 F.3d 686, 690–91 (9th Cir. 1998).

15.    Accordingly, this action involves "citizens of different States." See 28 U.S.C. § 1332(a)(1). As Plaintiff appears to be a citizen of Nevada, Defendant is a citizen of New Jersey and Connecticut only, and Co-Defendant is citizens of Delaware and Georgia, with the subject incident alleged by Plaintiffs to have occurred exclusively within Nevada, removal of this action is proper under 28 U.S.C. § 1441(b) on the basis of diversity of citizenship..

## THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

16.    Pursuant to 28 U.S.C. § 1332, and upon information and belief, the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

17.    To satisfy the pleading standard for a removal, the notice must allege the amount in controversy "plausibly" but "need not contain evidentiary submissions" to support the allegation.  *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 84 (2014).[1]

18.    Plaintiffs alleges that they were inside in the Subject Elevator when "the Elevator malfunctioned, causing the Elevator to descend uncontrolled for multiple floors (hereinafter referred to as the ("Dangerous Condition"), thereby inflicting multiple bodily injuries upon Plaintiff." Exh. A, Complaint, ¶ 19.

---

[1] A District Court skeptical of a Defendant's amount in controversy allegation *must* give the parties an opportunity to present evidence relating to the allegation before deciding whether or not the amount in controversy is met.  *See Dart*, 574 U.S. at 89.

4

DEFENDANT OTIS ELEVATOR COMPANY'S NOTICE OF REMOVAL

19.    Plaintiffs contend, "That as a direct and proximate result of Defendants' negligence, MONICA MACHADO has sustained damages in a sum of excess of $44,000.00 to date as treatment is continuing and shall continue into the future." Exh. A, Complaint, ¶ 28. Plaintiffs further contend that, "Plaintiffs received medical and other treatment for injuries sustained to Plaintiffs' bodies, limbs, organs and nervous systems, all or some of which conditions may be permanent and disabling, and all to Plaintiffs' damages in a sum in excess of $15,000.00. That said services, care, and treatment are continuing and shall continue into the future." Exh. A, Complaint, ¶¶ 47, 76, 90, 97 and 121.   Plaintiffs further contend that, "Plaintiffs have been required to limit occupational and recreation activities, which have caused and shall continue to cause loss of earning capacity, lost wages, physical impairment, mental anguish, and loss of enjoyment of life, in a presently unascertainable amount." Exh. A, Complaint, ¶¶ 48, 77, 91, 98 and 122

20.    Plaintiffs separately alleges general damages "in an amount in excess of $15,000.00," with $15,000.00 being the minimum jurisdictional amount for civil matters in the Eighth Judicial District Court. Under Nevada Rule of Civil Procedure 8, subdivision (a)(4), if a plaintiff "seeks more than $15,000 in monetary damages, the demand for relief may request damages 'in excess of $15,000' without further specification of the amount." Plaintiff separately seeks past and future special damages for "in an amount in excess of $15,000.00" Exh. A, Complaint, ¶¶ p. 5-21.

21.    Plaintiffs also seek a separate award of reasonable attorneys' fees, costs of suit incurred herein, and interest.  Exh. A, Complaint, p. 21.

22.    Based on the allegations of the Complaint, Plaintiffs accordingly pray for aggregate damages for general damages, special damages, punitive damages, past and future medical expenses, lost wages and loss of future earnings, and attorney fees and costs that appear to exceed $75,000.00.

23.    Plaintiffs' allegations and requests for damages against Defendant establish that they are seeking damages in excess of the $75,000 amount in controversy required for diversity jurisdiction under 28 U.S.C. § 1332(a).  § 1446(c)(2)(B); *Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 962-963 (9th Cir. 2020); *Sanchez v. Monument Life Ins. Co.*, 102 F.3d 398, 403-404 (9th Cir. 1996).

///

///

///

DEFENDANT OTIS ELEVATOR COMPANY'S NOTICE OF REMOVAL

**THE OTHER REMOVAL PREREQUISITES HAVE BEEN SATISFIED**

24. The prerequisites for removal under 28 U.S.C. § 1441 have been met.

25. All named state court Defendants normally must join in a Notice of Removal. *Parrino v. FHP, Inc.,* 146 F.3d 699, 703 (9th Cir. 1998).

26. The need for any Defendants to join a Notice of Removal requires that said Defendants first be served with the Summons and Complaint which is to be removed. 28 U.S.C. § 1446(b)(2)(A). Co-Defendant has consented to removal. Combs Decl., ¶ 9.

27. The allegations of this Notice of Removal are, upon information and belief, true and correct, and within the jurisdiction of this Court, such that this action is removable to this Court.

28. The above-captioned Court is the proper District Court for removal because the State Court Actions is pending within the District of Nevada.

29. All served parties are being provided with a written notice of the filing of this Notice of Removal and a copy of this Notice of Removal is being filed with the State Court Clerk, as provided by law. 28 U.S.C. § 1446(d).

30. If any questions arise as to the propriety of the removal of this action, Defendant respectfully requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

29. If Plaintiffs seek remand under the premise that his injuries do not exceed $75,000.00, Defendant asks that, prior to remand, this Court order Plaintiffs to stipulate that he would not seek any judgment against Defendant in this matter in excess of $75,000.00.

WHEREFORE, Defendant desires to remove this case to the United States District Court for the District of Nevada at Las Vegas, being the district and division of said Court for the county in which said action is pending and prays that the filing of this Notice of Removal shall effect the removal of said suit to this Court.

///

///

///

///

DEFENDANT OTIS ELEVATOR COMPANY'S NOTICE OF REMOVAL

DATED:  January 16, 2026                          TUCKER ELLIS LLP


                                          By:  /s/ *Su-Lyn Combs*_____
                                               Su-Lyn Combs, Esq.
                                               Nevada Bar No. 17058
                                               515 S. Flower Street
                                               42nd Floor
                                               Los Angeles, CA 90071

                                               GREEN UNGEREN, LLC
                                               Jared P. Green
                                               Nevada Bar No. 10059
                                               3755 Breakthrough Way, Suite 210
                                               Las Vegas, NV 89135

                                               *Attorney for Defendant*
                                               *OTIS ELEVATOR COMPANY*

7
DEFENDANT OTIS ELEVATOR COMPANY'S NOTICE OF REMOVAL

**CERTIFICATE OF SERVICE**

I certify that on this 16th day of January, 2026, the foregoing was filed via the Court's CM/ECF system, which generated a notice of electronic filing with links to true and correct copies of the foregoing document for service, and further that this document and all attachments were transmitted via U.S. Mail and email upon the following counsel of record:

David D. Boehrer, Esq.
Nevada Bar No. 9517
Travis J. Rich, Esq.
Nevada Bar No. 12854
Omid M. Shamim, Esq.
Nevada Bar No. 16753
DAVID BOEHRER LAW FIRM
375 N. Stephanie Street, Suite 711
Henderson, Nevada 89014
Tel: (702) 750-0750
Fax: (702) 750-0751
david@dblf.com
travis@dblf.com
omid@dblf.com

*Attorneys for Plaintiffs*

Rebecca L. Mastrangelo, Esq.
Nevada Bar No. 5417
ROGERS, MASTRANGELO, CARVALHO &
MITCHELL
700 S. Third Street
Las Vegas, NV 89101
Phone: (702) 383-3400
Fax: (702) 384-1460
rmastrangelo@rmcmlaw.com

*Attorneys for TK Elevator Corporation*

DATED this 16th day of January, 2026.

/s/: Su-Lyn Combs
An Employee of TUCKER ELLIS LLP

1
CERTIFICATE OF SERVICE