JARED P. GREEN
Nevada Bar No. 10059
GREEN UNGUREN, LLC
3755 Breakthrough Way, Suite 210
Las Vegas, NV 89135
Tel/Fax: (702) 475-6454
jared@theGUfirm.com

SU-LYN COMBS, ESQ.
Nevada Bar No. 17058
TUCKER ELLIS, LLP
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071
Phone (213) 430-3400
Fax (213) 430-3409
su-lyn.combs@tuckerellis.com

Attorneys for Defendant
*OTIS ELEVATOR COMPANY*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MONICA MACHADO, an individual; and HECTOR DELGADO an individual,<br><br>Plaintiffs,<br><br>v.<br><br>TK ELEVATOR CORPORATION, a foreign corporation; OTIS ELEVATOR COMPANY, a foreign corporation; DOE INDIVIDUALS 1 through 10; and ROE ENTITIES 11 through 20, inclusive jointly and severally,<br><br>Defendants. | Case No. 2:26-CV-00089-JCM-MDC<br><br>**STIPULATED PROTECTIVE ORDER** |

The parties to the above-captioned litigation, by their respective counsel, have agreed to this Protective Agreement ("Agreement") in order to establish procedures for disclosure and use of confidential and/or sensitive information that may be produced in discovery in this case.

1. This Agreement shall be applicable to and govern the contents of all depositions, documents, information or things produced in response to requests for production of documents, answers

to interrogatories, responses to requests for admissions, transcripts, exhibits, pleadings and all other discovery taken in accordance with the Federal Rules of Civil Procedure, as well as testimony adduced at trial, matters in evidence and other information (collectively, "Documents") which the disclosing party designates as "CONFIDENTIAL MATERIAL" hereafter furnished, directly or indirectly, by or on behalf of any party or any non-party witness in connection with this action. As used herein, "disclosing party" shall refer to the parties to this action or to third parties who give testimony or produce documents or other information. As used herein, "designating party" shall refer to one of the parties herein who designates any material as CONFIDENTIAL MATERIAL. CONFIDENTIAL INFORMATION shall include, but is not limited to, confidential personal information that is subject to privacy protection under the United States Constitution, Nevada law or other applicable law; technical information that is in the nature of a trade secret and of proprietary value to designating party; information that constitutes a trade secret or reveals confidential research, development, or commercial information; technical, proprietary, or other commercially sensitive information.

2. In designating information as CONFIDENTIAL MATERIAL, a disclosing party shall make such a designation only as to materials that it in good faith believes are confidential. CONFIDENTIAL MATERIAL shall be used by the parties to this litigation solely for the purpose of conducting this litigation, but not for any other purposes whatsoever.

3. In absence of written permission from the disclosing party, or an order of the Court, information designated as CONFIDENTIAL MATERIAL shall be used solely for the purposes of litigation between the parties hereto, and may be disclosed by the parties only to the following "Qualified Persons":

a. The Parties;

b. The Court;

c. Attorneys of record in the Proceedings and their affiliated attorneys, paralegals, clerical and secretarial staff employed by such attorneys who are actively involved in the Proceedings and are not employees of any Party;

d. In-house counsel to the undersigned Parties and the paralegal, clerical and secretarial staff employed by such counsel. Provided, however, that each non- lawyer given access to CONFIDENTIAL

MATERIALS shall be advised that such Materials are being disclosed pursuant to, and are subject to, the terms of this Confidentiality Agreement and Protective order and that they may not be disclosed other than pursuant to its terms;

e. Court reporters (including audio and video);

f. Copying, imaging and computer services for the purpose of copying, imaging, storing, or organizing documents provided that all Confidential documents are retrieved by the party furnishing it upon completion of this lawsuit;

g. Special masters and/or mediators;

h. Consulting or testifying experts;

i. Other consultants related to this litigation for the purposes of this litigation only, including focus groups, attorneys outside the firm, and video editors;

j. The direct staff of the foregoing persons;

k. Witnesses who are deposed and asked to testify about documents designated as CONFIDENTIAL MATERIAL and witnesses expected to testify at trial about documents designated as CONFIDENTIAL MATERIAL; and

l. Any other persons that the Designating Party agrees to in writing.

4. Before being given access to any confidential information, each Qualified Person shall be provided by counsel with a copy of this Confidentiality Agreement and Protective Order and agree to be bound by the same.

5. The persons described in paragraphs 3 (h), (i), (k) or (1) shall have access to CONFIDENTIAL MATERIAL only after they have been made aware of the provisions of this Agreement and have manifested their assent to be bound thereby by signing a copy of the annexed "Acknowledgment." Copies of such Acknowledgments shall be maintained by counsel for the parties, and shall be available for inspection by the Court at any time. Persons receiving CONFIDENTIAL MATERIAL are prohibited from disclosing that material to any other person.

6. Each individual who receives any CONFIDENTIAL MATERIAL hereby agrees to subject himself/herself to the jurisdiction of the Court for the purpose of any proceedings relating to the performance under, compliance with or violation of this Agreement.

7. The recipient of any CONFIDENTIAL MATERIAL that is provided under this Agreement shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to his, her or its own proprietary information. CONFIDENTIAL MATERIAL shall not be copied, reproduced, summarized or abstracted, except to the extent that summarization or abstraction is reasonably necessary for the conduct of this lawsuit. All such copies, reproductions, summarizations, extractions, and abstractions shall be subject to the terms of this Agreement, and labeled in the same manner as the designated material on which they are based.

8. Subject to the provisions of paragraph 2 above, disclosing parties shall designate CONFIDENTIAL MATERIAL as follows:

a. In the case of interrogatory answers, responses to requests to admit, documents provided in response to document requests, and the information contained therein, designation shall be made by placing the following legend on the first page of such document prior to production: "CONFIDENTIAL MATERIAL". In the event that a party inadvertently fails to provide such a stamp or other designation at the time of production, that party may at any time thereafter stamp or otherwise designate a Document or other information as treated as designated beginning at the time such designation occurs.

b. In the case of depositions, designation of the portion of the transcript (including exhibits) which contains CONFIDENTIAL MATERIAL shall be made by a statement to such effect on the record in the course of the deposition or, upon review of such transcript, by counsel for the party to whose CONFIDENTIAL MATERIAL the deponent has had access, which counsel shall designate within fourteen (14) days after counsel's receipt of the transcript. During those fourteen days, the entire deposition transcript, including exhibits, shall be deemed CONFIDENTIAL MATERIAL.

c. Any CONFIDENTIAL MATERIAL produced in a non-paper media (e.g., videotape, audiotape, computer disk) may be designated as such by labeling the outside of such non-paper media as CONFIDENTIAL MATERIAL and filing this material in a sealed envelope with a legend described in paragraph 8(a). In the event a receiving party generates any "hard copy," transcription, or printout from any such designated non-paper media, such party must treat each copy, transcription, or printout as designated and label it in a manner effective to ensure proper treatment.

9. A party shall not be obligated to challenge the propriety of a CONFIDENTIAL MATERIAL designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto during the pendency of this litigation. If a discovery dispute arises the parties must resolve their dispute in compliance with LR 1-1(b)(2), LR IA 1-3(f), and the First Amended Standing Order & Chambers Practices (ECF 13).

10. Documents containing CONFIDENTIAL MATERIAL of any party shall be filed with the Court only if necessary to do so for purposes of trial, substantive motions, including without limitation, motions to compel, motions for preliminary injunction or summary judgment, or other Court matters.

11. If any party intends to, or expects that it may, file CONFIDENTIAL MATERIAL with the Court for any reason, or use of CONFIDENTIAL MATERIAL in any hearing or other Court proceeding, that party must request to file the same under seal pursuant to the Federal Rule Civil Procedure 5.2 and LR IA 10-5, and the substantive standards of *Kamakana v. City & Cnty of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) and its progeny, and provide to the Judge's chambers an unfiled version of the Document.

12. In the event that any CONFIDENTIAL MATERIAL is used in any court proceeding in connection with this litigation, it shall not lose its CONFIDENTIAL MATERIAL status merely through such use, and the parties shall take all steps reasonably required to protect its confidentiality during such use. However, the manner in which or status upon which CONFIDENTIAL MATERIALS are used is subject to the Court’s oversight and discretion.

13. If CONFIDENTIAL MATERIAL is disclosed to any person other than in the manner authorized by this Agreement, the person responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of counsel for the designating party and, without prejudice to any other rights and remedies of the parties, make every effort to prevent further disclosure by it or by the person who was the recipient of such information.

14. Nothing in this Agreement shall preclude any party to the lawsuit or their attorneys from (a) showing a Document designated as CONFIDENTIAL MATERIAL to an individual who either prepared the Document prior to the filing of this action, or is identified on the face of the Document as an addressee or copy addressee, or (b) disclosing or using, in any manner or for any purpose, any information

or Documents from the party's own files that the party itself has designated as CONFIDENTIAL MATERIAL.

15. In the event any receiving party having possession, custody or control of any CONFIDENTIAL MATERIAL receives a subpoena or other process or order to produce such information in another, unrelated legal proceeding, from a non-party to this action, such receiving party shall notify counsel for the producing party or third party of the subpoena or other process or order, furnish counsel for the designating party with a copy of said subpoena or other process or order, and cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose interests may be affected. The designating party asserting the CONFIDENTIAL MATERIAL treatment shall have the burden of defending against such subpoena, process or order. The receiving party receiving the subpoena or other process or order shall be entitled to comply with it except to the extent the producing party or third party asserting the "CONFIDENTIAL MATERIAL" treatment is successful in obtaining an order modifying or quashing the subpoena or other process or order.

16. If information subject to a claim of attorney-client privilege or work-product immunity is inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work-product immunity for such information. Upon written request by the inadvertently producing party or third person, the receiving party shall: (a) return the original and all copies of such Documents or promptly petition the Court for a determination whether (i) production is properly deemed inadvertent, or (ii) the Document is subject to a claim of privilege; and (b) shall not use such information for any purpose unless allowed by order of the Court.

17. Within ninety (90) days of the termination of litigation between the parties, all CONFIDENTIAL MATERIAL and all copies thereof shall be returned to the party that produced it. Counsel for each party shall be entitled to retain all pleadings, motion papers, legal memoranda, deposition transcripts, correspondence and work product.

18. Except as specifically provided herein, the terms, conditions, and limitations of this Agreement shall survive the termination of this action.

19. This Agreement is without prejudice to the right of any party to seek relief from the Court, upon good cause shown, from any of the provisions contained herein.

20. This Agreement shall not be construed as waiving any right to assert a claim of privilege, relevance, overbreadth, burdensomeness or other grounds for not producing material called for, and access to such material shall be only as otherwise provided by the discovery rules and other applicable law.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**AFFIRMATION:** The undersigned does hereby certify that the foregoing document does not contain the social security number of any person.

**IT IS SO STIPULATED.**

| | |
|---|---|
| DATED this 20th day of November 2026.<br><br>DAVID BOEHRER LAW FIRM<br><br>/s/ *Omid M. Shamim*<br>David D. Boehrer, Esq.<br>Nevada Bar No. 9517<br>Travis J. Rich, Esq.<br>Nevada Bar No. 12854<br>Omid M. Shamim, Esq.<br>Nevada Bar No. 16753<br>375 N. Stephanie Street, Suite 711<br>Henderson, Nevada 89014<br>Tel: (702) 750-0750<br>Fax: (702) 750-0751<br>david@dblf.com<br>travis@dblf.com<br>omid@dblf.com<br><br>Attorneys for Plaintiff | DATED this 20th day of November 2026.<br><br>ROGERS, MASTRANGELO, CARVALHO & MITCHELL<br><br>/s/ *Sean Payne*<br>Rebecca L. Mastrangelo, Esq.<br>Nevada Bar No. 5417<br>Sean N. Payne, Esq.<br>Nevada Bar No. 13216<br>700 S. Third Street<br>Las Vegas, NV 89101<br>Phone: (702) 383-3400<br>Fax: (702) 384-1460<br>rmastrangelo@rmcmlaw.com<br><br>Attorneys for TK Elevator Corporation |
| DATED this 20th day of November 2026.<br><br>TUCKER ELLIS LLP<br><br>*/s/ Su-Lyn Combs*<br>Su-Lyn Combs, Esq.<br>Nevada Bar No. 17058<br>515 South Flower Street<br>Forty-Second Floor<br>Los Angeles, CA 90071<br>Phone (213) 430-3400<br>Fax (213) 430-3409<br>su-lyn.combs@tuckerellis.com<br><br>Attorneys for Otis Elevator Company | DATED this 20th day of November 2026.<br><br>GREEN UNGUREN, LLC<br><br>/s/ *Jared P. Green*<br>Jared P. Green, Esq.<br>Nevada Bar No. 10059<br>3755 Breakthrough Way, Suite 210<br>Las Vegas, NV 89135<br>Tel/Fax: (702) 475-6454<br>jared@theGUfirm.com<br><br>Attorneys for Otis Elevator Company |

/ / /

/ / /

**ORDER**

Pursuant to the foregoing Stipulation and good cause showing therefore, the protective order is so ordered.

IT IS SO ORDERED

______________________________
Hon. Maximiliano D. Couvillier, III
UNITED STATES MAGISTRATE JUDGE

DATED: November 24, 2026

**ACKNOWLEDGMENT**

STATE OF ___________ )
)SS
COUNTY OF __________ )

____________________________________ being first duly sworn, deposes and states:

In anticipation of receiving documents which have been designated as "CONFIDENTIAL MATERIAL," the undersigned has read the Stipulation and Order for Confidentiality and Protection and agrees to abide by all of its terms.

_________________________________
Signature

_________________________________
Printed Name

STATE OF ___________ )
)SS
COUNTY OF __________ )

SUBSCRIBED and SWORN to before me
this ___ day of _________________, 2026
by _________________________________.

____________________________________
NOTARY PUBLIC